IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OAK TREE MEDIA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-07-1438-L |
| ) | (Stephens County Case |
| MICHAEL A. STEARNS, ) | No. CS-07-737R) |
| PRESIDENT REVIEW ) | |
| PRINTING CO., INC., ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

On December 5, 2007, plaintiff filed this action in the District Court of Stephens County, Oklahoma, alleging claims for breach of contract and *quantum meruit*. Under both theories, plaintiff sought damages in the total "amount of $7,206.45 plus statutory prejudgment interest, attorney fees, costs and expenses." Defendant, Michael A. Stearns,[1] removed the case to this court on December 26, 2007, alleging that the court has diversity jurisdiction.

---

[1] Plaintiff claims that it sued Stearns "in his corporate capacity" and this action "is against Review Printing Co., Inc.", an Oklahoma corporation. Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Remand at 1. Notwithstanding this assertion, plaintiff has also filed a motion seeking to add Review Printing Co., Inc. as a party defendant. As the court has concluded remand is warranted, it expresses no opinion on plaintiff's Motion to Amend to Add Party.

1

Diversity jurisdiction requires that the parties be citizens of different states and the amount in controversy exceed "the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).  Stearns, as the party seeking to invoke this court's jurisdiction, has the burden of establishing that the statutory requirements for such jurisdiction have been met.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

This matter is before the court on plaintiff's motion to remand.  Plaintiff argues that the court lacks subject matter jurisdiction because Stearns has not established that the amount in controversy exceeds $75,000.00.[2]  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).  The allegations of the petition are clearly not sufficient to establish the jurisdictional amount because plaintiff seeks a sum certain of $7,206.45, which is less than one-tenth the required amount.  The Notice of Removal's sole allegation regarding the amount in controversy is that plaintiff's "claims and Defendant's counterclaims involve amounts in controversy exceeding the sum of $75,000, exclusive of interest and costs." Notice of Removal at ¶ 2.  The Notice of Removal, however, contains no facts from

---

[2]Although plaintiff also disputes whether the real parties in interest are citizens of different states, the court need not resolve this dispute.

which the court can determine the accuracy of this statement. Nor can the court rely on Stearns' counterclaim to determine whether removal was proper, as the counterclaim was not filed until December 28, 2007 – two days after Stearns removed the case to this court. Regardless, it is defendant's burden "to set forth, **in the notice of removal itself**, the '*underlying facts* supporting [the] assertion that the amount in controversy exceeds [the jurisdictional amount].'" Laughlin, 50 F.3d at 873 (*quoting* Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)) (italicized emphasis in Laughlin; bold emphasis added). In this case, neither the Petition nor the Notice of Removal sets forth *facts* from which the court can determine the jurisdictional amount has been met. There is simply no way for the court to ascertain based on either the Petition or the Notice of Removal that more than $75,000.00 is in controversy in this case. Both the requisite amount in controversy and the existence of diversity "must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873. *See also* Martin, 251 F.3d at 1291 n.4. As "there is a presumption against removal jurisdiction," Laughlin, 50 F.3d at 873, this court cannot assume that the jurisdictional amount exists.

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Stearns has not established that this court has subject matter jurisdiction over this action. Therefore, remand to state court is required. Plaintiff's

Motion to Remand from Defendant's Amended Notice of Removal (Docket No. 13) is therefore GRANTED. This matter is REMANDED to the District Court of Stephens County, Oklahoma.

It is so ordered this 26th day of February, 2008.

_____
TIM LEONARD
United States District Judge